■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS M. BUTLER, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE TAYLOR, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE NELSON, Appellant.—Judgment, Supreme Court, New York County, rendered July 29, 1975, convicting defendant Francis M. Butler of attempted rape in the first degree, assault in the first degree and unlawful

imprisonment in the second degree (two counts) and sentencing him thereupon to various terms of imprisonment, unanimously modified, on the law, to the extent of vacating the conviction of assault in the first degree and dismissing said charge and, except, as thus modified, affirmed. Judgment, Supreme Court, New York County, rendered July 15, 1975, convicting defendant Jorge Taylor of attempted rape in the first degree, assault in the first degree and unlawful imprisonment in the second degree (two counts) and sentencing him thereupon to various terms of imprisonment, unanimously modified, on the law, to the extent of vacating the conviction of assault in the first degree and dismissing said charge, and, except, as thus modified, affirmed. Judgment, Supreme Court, New York County, rendered September 8, 1975, convicting defendant Joe Nelson of attempted rape in the first degree, assault in the first degree, unlawful imprisonment in the second degree (two counts), attempted murder and robbery in the third degree and sentencing him thereupon to various terms of imprisonment, unanimously modified, on the law, to the extent of vacating the conviction of assault in the first degree and dismissing said charge, and, except, as thus modified, affirmed. On the appeal of a codefendant *(People v Jackson,* 58 AD2d 762), we previously held that a glass window through which the complaining witness jumped to escape from the attempted rape could not, on the facts presented, constitute the instrument which, under the circumstances in which it was being used, was readily capable of causing death or serious physical injury. (Penal Law, § 10.00, subd 13.) The People have failed to establish an essential element of assault in the first degree, namely, that the serious physical injury was caused by means of a dangerous instrument. (Penal Law, § 120.10, subd 1.) We have examined the other points raised on appeal and find them to be without merit. Concur—Lupiano, J. P., Fein, Lane, Markewich and Sullivan, JJ.