Jorge TAYLOR, Petitioner,

v.

Norwood JACKSON and the Attorney General of the State of New York, Respondents.

No. 79 CIV. 383 (MP).

United States District Court, S. D. New York.

June 5, 1979.

Jorge Taylor, pro se.

Robert Abrams, Atty. Gen. of the State of New York, New York City, for respondents; Charlotte C. Lee, Deputy Asst. Atty. Gen., New York City, of counsel.

## MEMORANDUM

POLLACK, District Judge.

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that various alleged defects in the proceeding that resulted in his extradition from Canada to New York rendered that proceeding unlawful and invalid, and argues that the State of New York lacks legal authority to confine him. For the reasons set forth below, the petition must be denied.

Petitioner was convicted after a jury trial of Attempted Rape, Assault in the First Degree, and Unlawful Imprisonment on July 15, 1975 in New York Supreme Court. He was sentenced to terms of three and one-third to ten years. The Appellate Division vacated the assault conviction and affirmed the convictions on the remaining charges. *People v. Butler,* 63 A.D.2d 943, 406 N.Y.S.2d 320, *leave to appeal denied,* 45 N.Y.2d 787 (1978).

Petitioner escaped from state custody in August 1977 and was subsequently apprehended in Canada. The State of New York sought petitioner's extradition, and after a hearing on February 17, 1978, Judge Callaghan of the Toronto County Court ordered that petitioner be returned to the United States. An application for a writ of habeas corpus was dismissed by Justice Gar-

rett of the Supreme Court of Ontario on April 6, 1978. Petitioner was returned to the United States by Canadian authorities on April 20, 1978.

Petitioner contends that the extradition hearing afforded him in Canada was unfair and in violation of the extradition laws of the United States, 18 U.S.C. §§ 3181–3195, and the Treaty on Extradition between The United States of America and Canada, 27 U.S.T. 983, T.I.A.S. No. 8237 (entered into force March 22, 1976), in that the court declined to appoint an attorney to represent petitioner and denied the petitioner the right to produce evidence on his behalf, and that the identification of petitioner was made in improperly suggestive circumstances.

It must initially be noted that the scope of the inquiry this court may properly conduct into the Canadian proceeding is quite narrow.

> Irregularities may have occurred in the proceedings by or in the manner in which he was brought within the custody of the law, but they do not avail him as a defense to the criminal act to answer which he was surrendered. The method in which a foreign government may execute its own laws, or carry into effect its own treaties, does not concern the government which obtains the extradition. . . .
> [S]ince he has been surrendered to this government, he cannot here, as a matter of defense to a crime, attack the method of his surrender, and thereby seek to defeat justice.

*Hall v. Patterson,* 45 F. 352, 356 (C.C.D.N.J. 1891).

■ Petitioner's claim that he was entitled by the Constitution and laws of the United States to appointed counsel at his extradition hearing must be rejected. The rights guaranteed to an accused by the sixth amendment apply only to "criminal prosecutions," and international extradition proceedings have been held not to be within the scope of the amendment. *Jhirad v. Ferrandina,* 536 F.2d 478, 485 n. 9 (2d Cir.), *cert. denied,* 429 U.S. 988, 97 S.Ct. 511, 50 L.Ed.2d 600 (1976); *United States v. Galan-*

*is,* 429 F.Supp. 1215, 1224–25 (D.Conn.1977); *see also* 2 M. Bassiouni & V. Nanda, *International Criminal Law* 367 (1973). Thus, the sixth amendment's guarantee of a speedy trial does not apply to extradition proceedings. *Jhirad v. Ferrandina, supra; United States v. Galanis, supra.* Similarly, there is no constitutional right to the assistance of counsel in extradition proceedings. *See Hystad v. Rhay,* 12 Wash.App. 872, 533 P.2d 409 (1975); 6 M. Whiteman, *Digest of International Law* 1093–94 (1968). Neither the extradition court nor the State of New York was obligated to provide petitioner with counsel, and the failure to do so violated none of his rights under federal law or the Extradition Treaty.

■ Petitioner's claim that the extradition court denied him the right to present evidence on his behalf is flatly contradicted by the record of the proceeding. At the hearing on February 17, 1978, petitioner did request a continuance so that he could obtain evidence from New York which would support his apparent claim that the New York conviction had been obtained in violation of his constitutional and civil rights. However, denial of a continuance did not prejudice petitioner because the evidence he sought to produce would have been clearly irrelevant to the limited issues before the extradition court, which had to determine only that a judgment of conviction and sentence had been rendered, that time remained to be served, and that petitioner was the identical person to whom the sentence referred. *See* Treaty on Extradition between The United States of America and Canada, *supra,* 27 U.S.T. 983, 990–91.

Petitioner's challenge to his identification by the New York City police detective who testified at the extradition hearing is frivolous and must be rejected. Petitioner admitted his identity as the Jorge Taylor convicted in New York at the hearing:

> "MR. TAYLOR: It is correct that I am the person mentioned in all these documents . . . ." (Tr. 27–28; February 17, 1978.)

Finally, petitioner contends that his extradition was unlawful because it did not occur within 60 days of the February 17, 1978, order of extradition. The time limit, if any, for removal of petitioner from Canada is governed by Canadian law. Article 14(2), Treaty on Extradition, *supra,* 27 U.S.T. 983, 993. Thus, the two-month period for persons held by the United States, 18 U.S.C. § 3188, does not apply. Moreover, the period for removal of petitioner from Canada did not commence until April 6, 1978, when the order of extradition was finally adjudicated by dismissal of the application for a writ of habeas corpus by the Ontario Supreme Court. *Cf. Jimenez v. United States District Court,* 84 S.Ct. 14, 11 L.Ed.2d 30 (Goldberg, J., in chambers, 1963). Petitioner's removal from Canada to the United States was not untimely.

Accordingly, the petition for a writ of habeas corpus is in all respects denied.

SO ORDERED.